[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Robert Simmons appeals his conviction for possession of cocaine in violation of R.C. 2925.11, a third-degree felony. Simmons raises three assignments of error. In his first two assignments, he challenges, respectively, the sufficiency and the weight of the evidence. In his third assignment, Simmons argues that his three-year sentence is contrary to law.
While traveling in his police cruiser, Green Township Police Officer Chris House observed a car that he had been following pull into a closed business at 2:30 a.m. Thinking that it "was a little strange," he backtracked to where the car had stopped. The driver of the car, Adam Akels, ran away on foot. Simmons left the passenger side and walked toward the sidewalk.
Meanwhile Officer House had left the cruiser and had turned on its spotlight. He stopped Simmons and called for another unit. Hamilton County Deputy Sheriff Steve Sabers responded to the call. He left the scene to attempt to find the driver.
Officer House escorted Simmons to the cruiser to conduct a pat-down search. When asked if he had any weapons, Simmons removed a knife and brass knuckles from his pocket. Officer House continued the pat-down. While Officer House was patting a pocket on the inside of Simmons's jacket, Simmons brought his arms down to his sides. At that point, the officer heard something hit the ground. He looked down and saw a baggie of white powder that was later determined to be 49.07 grams of cocaine. According to Officer House, Simmons acted as if he had heard nothing.
Officer House requested that Deputy Sabers return to the scene. When Deputy Sabers returned, Officer House made a point of looking toward the baggie as it lay in the street, because of the large quantity of powder it contained. Deputy Sabers followed his gaze and saw the baggie. According to Officer House, Simmons denied ownership of the baggie and said that he did not know where it had come from.
Simmons denied knowing Akels, stating that Akels was someone who had picked him up on the street. Simmons later told an acquaintance from the Butler County Sheriff's Department the identity of the driver and admitted that he had lied to Officer House because he did not want to be a "snitch."
Simmons testified at trial that Akels had called him to help him feed some of his animals because he had been injured. Simmons's roommate's testimony corroborated these facts. After feeding the animals and while on their way to Akels's brother's house, Akels saw the police cruiser. According to Simmons, Akels "violently whipped" into a parking lot. When Simmons opened the door to leave the car, Akels pulled him back in and told him to turn off the light. Akels ran from the car. According to Simmons, Officer House patted him down and told him that he could go home if he identified the driver of the car. When Simmons said that he was "sticking to his story," Officer House told him to put his hands behind his back because he was under arrest. At that point, Simmons saw Officer House holding what the officer said was a baggie containing cocaine.
R.C. 2925.11 prohibits a person from knowingly obtaining, possessing, or using a controlled substance. Officer House testified that when Simmons had lowered his arms, he heard something hit the ground and immediately observed a baggie of the white powder that was later identified as cocaine. This was sufficient evidence to sustain Simmons's conviction for knowingly possessing cocaine. Thus, we overrule Simmons's first assignment.
We also overrule Simmons's second assignment. Upon reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot say that the jury, in resolving conflicts in the evidence, clearly lost its way and created such a manifest miscarriage of justice that Simmons's is entitled to a new trial.[1]
In his third assignment, Simmons argues that he should have received the shortest sentence because he had not previously served a prison term. R.C. 2925.11(C)(4)(c) requires, based on the type and amount of cocaine in this case, that the trial court "impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree." R.C. 2929.13(F)(5) provides that a trial court must impose a prison sentence for a third-degree-felony drug offense under R.C. 2925.11. R.C. 2929.14(B) states, in part, that if the trial court is required to impose a prison term and the offender has not previously served a prison term, the trial court must impose the shortest prison term "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." The Ohio Supreme Court in State v. Edmonson determined that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or noth reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum * * *."[2]
There is no dispute that Simmons had not previously served a prison term. The trial court did not mark either of the considerations required for the imposition of more than the minimum sentence on its felony-sentencing worksheet. At the sentencing hearing, the trial court stated that Simmons previously had been convicted of the felony of aggravated assault; that a large quantity of cocaine was involved in the instant case; that Simmons was in the company of a known drug dealer; that Simmons's defense attacked the police officer; and that the sentence was appropriate "based upon all that's before [the court]." We conclude that the trial court's remarks from the bench failed to satisfy the requirements of R.C. 2929.14(B) as clarified by State v. Edmonson, and, therefore, hold that the trial court erred as a matter of law in imposing more than the minimum sentence prescribed for a third-degree felony. We sustain Simmons's third assignment.
Therefore, we vacate the sentence and remand this case to the trial court for resentencing. We affirm the judgment of the trial court in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter. P.J., Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-721.
[2] See State v. Edmonson (1999), 86 Ohio St.3d 324, 327, 715 N.E.2d 131,134.